UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HIGHLAND M/I DEVELOPMENT, L.P., a California limited partnership,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TYCO FIRE PRODUCTS, L.P., a Delaware limited partnership; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-1571-WQH-DDL<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE FACT DISCOVERY DEADLINE**<br><br>**[Dkt. No. 63]** |

　　　The Scheduling Order in this case requires that "[a]ll fact discovery shall be completed by all parties by December 19, 2024." Dkt. No. 52 at 2. On that same date, the parties jointly moved to continue that deadline until February 28, 2025. Dkt. No. 63 at 2. The parties represent they "have considered and discussed the current Scheduling Order's deadline" and "[d]ue to parties' and their respective witnesses' schedules, the parties do not believe they will be able to conclude written discovery and fact witness depositions by December 20 [sic], 2024." *Id.*

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1] "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

The joint motion is silent as to the parties' apparent inability to timely complete fact discovery by the December 19 deadline. As such, there is no showing of diligence by the parties. Moreover, the undersigned's Chambers Rule § III.E provides that motions to extend, amend, continue, or vacate deadlines that are "filed on the date of the deadline sought to be modified will be denied unless it is apparent on the face of the motion that the request could not have been made earlier for reasons not within counsel's control." The joint motion, filed on the December 19 deadline, ignores this rule.

The parties' failure to establish diligence and comply with the Chambers Rules ordinarily would compel denial of their motion. However, given that the parties seek only to continue the fact discovery deadline and wish to engage in simultaneous fact and expert discovery, the Court will grant the requested extension with the express admonition that all other deadlines set forth in the Scheduling Order (Dkt. No. 52) remain unchanged.

For the foregoing reasons, the parties' joint motion is GRANTED. The fact discovery cutoff is extended to February 28, 2025.

**IT IS SO ORDERED.**

Dated: December 20, 2024

Hon. David D. Leshner
United States Magistrate Judge

---

[1] All citations, internal quotation marks, and subsequent history are omitted, and emphasis is added, unless otherwise noted.